

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

January 24, 1961

Honorable Robert S. Calvert
Comptroller of Public Accounts
Capitol Station
Austin, Texas

Opinion No. WW-988

Re: Necessity of obtaining
inheritance tax waivers
on transfers of shares
of corporate stock in
the name of a deceased
shareholder to his
executor.

Dear Mr. Calvert:

You have requested that we advise you on the above
captioned matter. The pertinent statutory provisions are
Articles 14.22 and 14.23, Ch. 14, Title 122A, Taxation-General,
V.A.T.S. Article 14.22 reads as follows:

> "No notes, bonds, certificates, mortgages,
> stocks, securities or other evidences of
> indebtedness due the estate of deceased
> persons and subject to taxation, hereunder,
> shall be transferred or delivered to any
> legatee or heir until the Comptroller issues
> a notice to the executor, administrator
> or trustee of such estate, or to their
> bondsmen, stating that all the inheritance
> taxes due this State have been paid. Such
> notice shall be authority for any adminis-
> trator, executor or trustee to deliver such
> property to the proper legatee or heirs."

Article 14.23 reads as follows:

> "Should any domestic corporation or
> association transfer to any legatee or heir,
> or should an administrator, executor or
> trustee deliver to any legatee or heir, the
> stocks or bonds of any domestic corporation
> or association, or deliver any other property,
> before the inheritance tax thereon due this
> state is paid, the corporation or association,
> or the administrator, executor, trustee and
> their bondsmen, shall be liable for said tax
> and penalty and all cost of collection."

You will note that the prohibited transfers enumerated in Article 14.22 are transfers or deliveries "to any legatee or heir. . ." The notice of payment of inheritance taxes required by this article is notice to any administrator, executor or trustee and constitutes the authority for the delivery of property in their hands to the proper legatee or heir.

The penalties imposed by Article 14.23 are incurred only when the prohibited transfers are made "to any legatee or heir . . ."

We are of the opinion that the language of these controlling statutory provisions is plain and unambiguous and precludes the necessity of obtaining a written consent from the Comptroller prior to transfers of corporate shares of stock in the name of a deceased shareholder to the executor of his estate. This conclusion is fortified by the fact that Articles 14.16 and 14.19[1], Chapter 14, Title 122A, 20A, Taxation-General, V.A.T.S., expressly provide that a lien shall exist on all property subject to taxation under the inheritance tax statutes and that "said tax shall be a lien upon such property from the death of the decedent until paid."[2] Stated differently, only payment can extinguish the lien for inheritance taxes. Op. Atty. Gen. No. V-769 (1949). Thus the transfer of shares from the name of the decedent to the executor in no wise affects the state's security for the inheritance taxes. The lien therefor continues as a matter of law, and it is only upon transfer to the legatee or heirs that notice of payment of all inheritance taxes due this State must first be received as authority for such transfers.

---

1/ Article 14.19 reads as follows:

"A lien shall exist on all property subject to taxation under this law to secure the payment of all taxes, penalties and costs provided for in this Chapter. All persons acquiring any portion of said property shall be charged with notice of the existence of all such unpaid taxes, penalties and costs, and of the lien securing their payment, which may be enforced in any suit brought for the collection of said taxes, penalties and costs."

2/ Article 14.16.

In <u>Cooper v. Citizens Nat. Bank of Waco</u>, 267 S.W.2d 848 (Tex.Civ.App., 1954, error ref., n.r.e.), the court held that where a will bequeathed corporate stock to a trustee and provided that the stock should be turned over to the trustee by the executor as promptly as practicable after the death of the testator, and the executor had endorsed stock certificates and delivered them to the corporation with a request for transfer to the trustee and issuance of new certificates to the trustee, the executor was not entitled to vote the stock pending administration even though the corporation had refused to record the transfer on its corporate books.

It was contended in this case that Articles 7136 and 7137, R.C.S., (presently recodified in identical terms in Articles 14.22 and 14.23) necessitated a different result. The court summarized the two articles and concluded that they had no application to the decision of the case at bar. At page 854, the court said:

"The Bank's action in endorsing the stock to the Trustee Cooper, or a transfer of same on the books of The Cooper Company could not violate the cited statutes. They provide that stocks shall not be transferred to an <u>heir</u> or <u>legatee</u>. The statutes' purpose is to protect the State in its collection of inheritance taxes. Cooper is a <u>Trustee</u> under the will, with only the power to <u>vote</u> the stock and pay the dividends to <u>Mrs. Brassell</u> and <u>Mrs. Denton</u>, who are the <u>legatees</u>. Endorsement or transfer of the stock to the Trustee Cooper by the Executor or the corporation is not a transfer to a <u>legatee</u> or <u>heir</u>.

"The statutes <u>prohibit</u> a <u>Trustee</u> as well as an Executor from transferring stock to a legatee or heir prior to the time the Comptroller certifies that taxes have been paid. The State has the same protection after the transfer to the Trustee as it had prior thereto."

Thus the reasoning of the court in the <u>Cooper</u> case is in accord with the reasons which have led to our answer to your instant request.

S U M M A R Y

An inheritance tax waiver need not be obtained in order to transfer shares

of corporate stock in the name of a
deceased shareholder to his executor.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Marietta McGregor Payne
Marietta McGregor Payne
Assistant

MMP:cm

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Jerry H. Roberts
Linward Shivers
W. O. Shultz
W. E. Allen

REVIEWED FOR THE ATTORNEY GENERAL

By:  Morgan Nesbitt